LEVY, Judge.
This case involves the issue of whether the Department of Environmental Regulation, [hereafter “DER”], has regulatory jurisdiction over Monroe County’s cutting *698 of mangroves at the Key West International Airport. Monroe County [hereafter “the County”] operates the Key West International Airport which is bordered on the north and west by mangrove wetlands. Prior to 1989, the County had trimmed the mangroves in order to comply with Federal Aviation Administration [hereafter “FAA”] regulations which required “clear zones” adjacent to airport runways. In January of 1990, the County applied to the DER for a permit to trim and remove mangroves in order to maintain compliance with the FAA regulations. The DER denied the application, but stated that the trimming alteration might be permitted if the County proposed an acceptable wetland mitigation project to offset the adverse environmental consequences.
The County then notified the DER that it considered the mangrove alterations exempt under the “governmental function” exemption contained in Section 403.932(1), Florida Statutes (1989), and filed an action for declaratory and injunctive relief. The DER’s motions to dismiss for improper venue and failure to exhaust administrative remedies were denied by the trial court on September 17, 1990. The trial court stated in the Order that “Since section 403.932(1), Florida Statutes (1989), in a plain and unambiguous fashion, provides the County with an exception to DER’s permit jurisdiction, DER has no colorable statutory authority over the County’s proposed mangrove alteration”. The DER filed an appeal, from that non-final order, with this Court.
On September 28, 1990, a hearing was held on the County’s motion for temporary injunctive relief to allow immediate trimming during the pendency of the appeal of the interlocutory order, and the DER entered into a stipulation with the County which provided that the county could alter the mangroves to the extent of the previous alterations and trimmings. In March of 1991, this Court per curiam affirmed the denial of the DER’s motions to dismiss.
The DER then filed an answer and counterclaim for injunctive relief. The DER claimed in Count I of the counterclaim that the trimming and alteration after the stipulation was far in excess of the stipulated agreement and beyond what was required to protect the public safety. Count II of the counterclaim alleged that the County had “filled” the wetlands without a permit in violation of Section 403.913 by leaving mangrove trimmings in the wetlands where they had been cut.
The County subsequently filed a motion for summary judgment asserting as to Count I of the Counterclaim, that the trial court had found the DER had no jurisdiction to regulate the mangrove trimming at issue, and this Court’s per curiam affir-mance of that decision established the “law of the case” as to the DER’s jurisdiction. The motion asserted that the County was entitled to summary judgment as to Count II, because the cuttings fell on the “ground,” not in the “water,” and were thus outside the DER’s jurisdiction. The DER responded with opposing memorandum and the deposition of an employee who asserted that the “law of the case” did not apply, and that the “ground” in this circumstance was included within the definition of “waters.” The trial court entered summary judgment in favor of the County, finding that the County’s alteration of the mangroves at the airport constituted a governmental function and was thus exempt from the DER’s jurisdiction under Section 403.932(1). Regarding the issue of the mangrove cuttings, the trial court found that the County was exempt from the requirement of obtaining a dredge and fill permit under Section 403.913(1), as part of the governmental function exemption. The DER appeals the adverse summary judgment.
While we agree that, pursuant to Chapter 403 Florida Statutes (1989), the County is exempt from DER’s jurisdiction when the County is performing a governmental function, the record in this case clearly reflects the existence of material issues of fact which preclude the entering of the summary judgment that was entered by the trial court herein. Specifically, questions of fact remain regarding whether the amount of “trimming” that was done *699 by the County was in furtherance of performing a governmental function or, as contended by DER, whether the amount of trimming that was done was far in excess of the amount necessary to comply with FAA regulations. In addition, the record also reflects the existence of material issues of fact regarding whether the cuttings were dropped on dry land or, as DER contends, into protected “wetlands”.
Accordingly, the summary judgment entered below is reversed and this cause is remanded for further proceedings consistent herewith.